**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER L. HARRIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 1:14-cv-11734** |
| | ) | |
| **ERIC HOLDER,** | ) | |
| **United States Attorney General,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court are the following Motions: (1) Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Document No. 3.), filed on March 11, 2014; (2) Plaintiff's Motion for Injunction Against Defendant's Removal Action (Document No. 5.), filed on March 11, 2014; (3) Plaintiff's Motion to Remand Case Back to Circuit Court (Document No. 6.), filed on March 11, 2014; (4) Plaintiff's Motion for Default Judgment (Document No. 20.), filed on March 19, 2014; (5) Plaintiff's Motion to Amend the Complaint (Document No. 22.), filed on March 25, 2014; (6) Plaintiff's Motion for Mandatory Injunction (Document No. 29.), filed on April 9, 2014; (7) Plaintiff's Motion for Judgment on the Pleadings (Document No. 39.), filed on May 29, 2014; (8) Plaintiff's Emergency Rule 65 Motion for Preliminary Injunction (Document No. 41.), filed on June 16, 2014; (9) Plaintiff's Petition for Judgment as a Matter of Law (Document No. 44.), filed on July 3, 2014; (10) Plaintiff's Motion for Judgment on the Pleadings of Special Matters (Document No. 49.), filed on July 22, 2014; and (11) Plaintiff's Motion for Injunction Ordering the Federal Bureau of Prisons to Release Plaintiff from Illegal Custody (Document No. 51.), filed on July 29, 2014. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for

disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.)

## FACTUAL AND PROCEDURAL HISTORY

1.      **Southern District of Indiana:**

In 1999, Plaintiff was convicted in the United States District Court for the Southern District of Indiana of conspiracy to possess and distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841 and 846. United States v. Harris, Case No. 98-cr-0121 (S.D. Ind. Nov. 1, 1999). By Judgment Order entered on November 1, 1999, the District Court sentenced Plaintiff to serve a 300-month term of incarceration to be followed by a five-year term of supervised release. Id., Document No. 53. Plaintiff did not file a Notice of Appeal.

On June 27, 2005, Plaintiff filed in the Southern District of Indiana a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside and Correct Judgment. Harris v. United States, 1:05-cv-0963 (S.D. Ind. Sep. 6, 2005), Document No. 1. On July 6, 2005, the United States filed its Motion to Dismiss. Id., Document No. 5. On August 5, 2005, Plaintiff filed his Response in Opposition. Id., Document No. 7. By Order entered on September 6, 2005, the District Court denied Petitioner's Section 2255 Motion "because it was not timely filed and because of the waiver in his plea agreement." Id., Document No. 8.

On September 30, 2008, Plaintiff filed in the Southern District of Indiana a "Motion to Discharge, Satisfy and Release Judgment Lien" and "Tender of Payment to Discharge the Judgment Lien." Harris v. United States, 1:08-cv-01315 (S.D. Ind. Oct. 17, 2008), Document Nos. 1 and 2. In his Motion, Plaintiff argued that his criminal conviction was a debt, and the debt had been satisfied. Id. Plaintiff cited provisions of the Uniform Commercial Code and language from Rule 60(b) of the Federal Rules of Civil Procedure. Id. On October 15, 2008, Plaintiff filed a "Notice of Accepted

Offer." Id., Document No. 6. By Order entered on October 17, 2008, the District Court construed Petitioner's "Motion to Discharge, Satisfy and Release Judgment Lien" as a Section 2255 Motion and dismissed it as successive. Id., Document No. 12. Plaintiff filed a Notice of Appeal on October 28, 2008. Id., Document No. 21. The Seventh Circuit dismissed Petitioner's appeal pursuant to Rule 42(b) on December 30, 2008. Id., Document No. 46.

Beginning in 2011, Plaintiff filed numerous documents in Criminal Action No. 98-cr-0121 wherein he challenged his arrest and conviction, sought to deposit a promissory note in satisfaction of his debt, and requested his release from federal custody. The District Court denied such motions. Plaintiff filed Notices of Appeal concerning some of the Motions. On March 18, 2013, the Seventh Circuit entered an Order dismissing Petitioner's appeals wherein he challenged the validity of his conviction. United States v. Harris, Case No. 98-cr-0121, Document No. 143. The Seventh Circuit noted that by Order of February 22, 2013, it warned Plaintiff that "additional frivolous appeals (or requests for permission to initiate more collateral attacks) may subject him to sanctions." Id. The Seventh Circuit noted that Plaintiff ignored the Court's warning and filed Appeal No. 13-1395, which demonstrated that Plaintiff plans to continued his campaign of frivolous motions and appeals. Id. Therefore, the Seventh Circuit imposed a filing restriction and imposed a $500 sanction upon Petitioner. United States v. Harris, Nos. 12-3744, 13-1312, and 13-1395 (7th Cir. March 18, 2013).

**2.     District of Colorado:**

In 2008, Plaintiff filed in the United States District Court for the District of Colorado an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Harris v. Wilner, 2008 WL 1765649 (D.Colo. April 16, 2008), aff'd, 294 Fed.Appx. 384 (10th Cir. 2008). The District Court determined that Plaintiff appeared "to claim that he is not challenging his conviction or sentence but

is seeking to 'satisfy, release, or discharge the judgment pursuant to Rule 60(b)(5.)." Id. The District Court determined that Rule 60(b) was not applicable to criminal proceedings and Plaintiff was essentially challenging the validity of his conviction. Id. The District Court denied Petitioner's Section 2241 Petition finding that Plaintiff had an adequate and effective remedy in a Section 2255 Motion in the United States District Court for the Southern District of Indiana. Id.

In 2010, Plaintiff filed a second Section 2241 Petition in the District of Colorado. Harris v. Wands, 2010 WL 5339604 (D.Colo. Dec. 10, 2010). In his Petition, Plaintiff argued that "once he was convicted a statutory obligation under the Uniform Commercial Code (UCC) was created in favor of the United States." Id. Plaintiff claimed that as a result of indorsement and payment, the warden no longer had a right to retain him. Id. The District Court dismissed Petitioner's Petition finding that Petitioner's "attempt to effect his release through the operation of civil commercial statutes is legally frivolous." Id.

In 2011, Plaintiff appealed to the Tenth Circuit Court of Appeals the District of Colorado's decision dismissing Plaintiff's Complaint as frivolous and imposing filing restrictions. Harris v. Kammerzell, 440 Fed.Appx. 627 (10th Cir. 2011). The Tenth Circuit noted that Plaintiff again "appears to be challenging his drug conviction and sentence based upon principles of contract and/or civil commercial law." Id. The Tenth Circuit affirmed the District of Colorado's decision to dismiss Petitioner's Complaint and impose filing restrictions. Id.

**3.      Court of Federal Claims:**

In 2009, Plaintiff filed an action in the Court of Federal Claims seeking to "enforce a contract he alleged existed between himself and the Government pursuant to which he offered to pay $8,000,000 to the Government and in return the Government would release him from incarceration." Harris v. United States, 2009 WL 2700207 (Fed. Cl. Aug. 26, 2009). Plaintiff argued that by making

an offer to the Government to pay $8,000,000, he created a judicial lien that entitled him to immediate release. Id. The Court found that Petitioner's "criminal conviction is not governed in any way by the Uniform Commercial Code and the various documents he submits do not constitute contracts with the United States Government within the meaning of this Court's statutory grant of jurisdiction." Id. The Court, therefore, determined that it lacked jurisdiction to consider Petitioner's claims and dismissed his Complaint. Id.

**4.      Western District of Missouri:**

In 2010, Plaintiff filed in the United States District Court for the Western District of Missouri an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Harris v. Anderson, 2010 WL 4531408 (W.D.Mo. Oct. 14, 2010). In his Petition, Plaintiff argued that he was involuntarily placed in lock-up and under investigation after he failed a "Private Administrative Remedy Demand." Id. Plaintiff further complained that prison officials confiscated all of his legal property. Id. The Court determined that in Petitioner's "Private Administrative Remedy Demand," Plaintiff "claimed that under the UCC, his body is a good that can be used to satisfy the debt created by the Judgment and Commitment Order in his underlying criminal case." Id. Plaintiff contended that the Warden was authorized to accept his offer to pay the debt and his failure to do so would result in default. Id. Plaintiff further stated that "he reserved the right to incorporate his 'Offer of Performance' in any financial commercial, legal or criminal proceeding, initiate a counterclaim against the Warden, or file a 'claim against bond' against the Warden." Id. Respondent submitted evidence that "[i]n some cases, inmates have improperly used [commercial law theories based on the UCC] to file false liens against Bureau of Prisons staff, Judges, United States Attorneys, and other federal employees." Id. Respondent noted that the investigation revealed that Plaintiff was

5

possibly taking steps to file a false lien against the Warden. Id. Therefore, prison officials confiscated some of Petitioner's property, including manuals and forms relating to filing liens." Id. The Court dismissed Petitioner's Section 2241 Petition finding that Plaintiff failed to exhaust his administrative remedies and finding there was no indication that Plaintiff was denied access to the Courts or suffered any injury by the confiscation of some of his property. Id.

**5.      Eastern and Central Districts of California:**

In 2011, Plaintiff filed in the United States District Court for the Eastern District of California a Petition requesting relief pursuant to 28 U.S.C. §§ 2007, 3201, and 3569. Harris v. O'Keefe, 2011 WL 4542650 (E.D. Cal. Sept. 27, 2011). Specifically, Plaintiff requested that the "Court (1) deposit a promissory note for $8,000,000.00, (2) order the U.S. Marshal to discharge a $4,000,000.00 criminal fine, and (3) order the U.S. Marshal to return [Petitioner] to his domicile of choice." Id. The District Court dismissed Petitioner's Petition finding that Plaintiff was not imprisoned for a civil debt, Plaintiff is serving a criminal sentence for his conviction, and payment of Petitioner's debt does not discharge his sentence. Id.

In 2012, Plaintiff filed a Section 2241 Petition in the Eastern District of California. Harris v. Rios, 2012 WL 913757 (E.D. Cal. March 16, 2012). Specifically, Plaintiff sought "a stay of execution of what he characterizes as a judgment lien and more broadly a stay of execution of his sentence as well as a suspension of his sentence." Id. Plaintiff argued that he had "the right to satisfy his obligation with personal property other than money." First, the District Court concluded that to the extent Plaintiff was challenging the legality of his sentence, his claims must be dismissed for lack of jurisdiction. Second, the District Court determined that Plaintiff failed to show "a statutory right to use his person, his personal property, and/or a promissory note to satisfy his obligation to

pay an alleged $4,000,000 fine imposed in connection with his sentence." Id. Third, the District Court found that Petitioner's equal protection claim should be dismissed because he "failed to state specific facts that point to a real possibility of constitutional error and entitlement to habeas relief." Id. Finally, the District Court determined that Petitioner's claim that his inability to satisfy the judgment violated his rights under Article I, § 10 was without merit. Id.

In 2012, Plaintiff filed his second Section 2241 Petition in the Eastern District of California Harris v. Copenhaver, 2012 WL 2553635 (E.D. Cal. June 29, 2012). Specifically, Plaintiff argued that "as part of his criminal sentence, a fine of $4,000.000.00 was imposed to be treated as a tax lien." Id. Plaintiff claimed that "a unit team member failed to confirm a receipt for the payment of the lien so that it may be discharged." Id. Plaintiff requested a stay of execution of a judgment lien and suspension of his sentence. Id. The District Court noted that Plaintiff asserted the same claim in Harris v. Rios, 2012 WL 913757 (E.D. Cal. March 16, 2012). Accordingly, the District Court dismissed Petitioner's Section 2241 Petition as successive. Id.

In 2012, Plaintiff filed in the Eastern District of California a civil rights action pursuant to Bivens. Harris v. Rodriguez, 2012 WL 5424947 (E.D. Cal. Nov. 6, 2012). In his Complaint, Plaintiff argued that an unlawful fine of four million dollars was imposed as a result of his criminal conviction in the Southern District of Indiana. Id. The District Court noted that Plaintiff "has a long history of making his frivolous claims about his four million dollar ($4,000,000) lien, as reviewed by the Tenth Circuit." Id. Based upon Petitioner's allegations and filing history, the District Court dismissed Plaintiff's Complaint as frivolous. Id.

In 2012, Plaintiff filed his third Section 2241 Petition in the Eastern District of California Harris v. Copenhaver, 2012 WL 4747149 (E.D. Cal. June 29, 2012), aff'd, 557 Fed.Appx. 686 (9th

Cir. 2014). In his Petition, Plaintiff requested that the Court discharge his criminal conviction and sentence on the "grounds that the trial court's order of restitution reduced Petitioner's incarceration to a money judgment which Plaintiff claims he has satisfied on June 11, 2012, with the delivery of unspecified 'security directly to the United States . . . as payment.'" Id. The District Court noted that Petitioner's challenge to his sentence based upon a purported satisfaction of a lien has already been addressed and rejected on the merit in Harris v. Rios, 2012 WL 913757 (E.D. Cal. March 16, 2012). Accordingly, the District Court dismissed Petitioner's Section 2241 Petition as successive. Id.

In 2012, Plaintiff filed in the Eastern District of California a Petition for Writ of Mandamus pursuant to 28 U.S.C § 1361. Harris v. Unknown, 2012 WL 5877562 (E.D. Cal. Nov. 20, 2012). In his Petition for Writ of Mandamus, Plaintiff again argued that "the trial court's order of restitution reduced Petitioner's incarceration to a money judgment which Plaintiff claimed he satisfied on July 11, 2012, with the delivery of an unspecified "security directly to the United States . . . as payment." Id. The District Court construed Petitioner's Petition for Writ of Mandamus as a Section 2241 Petition and dismissed it as successive. Id.

In 2013, Plaintiff filed a Section 2241 Petition in the Central District of California. Harris v. McGrew, 2013 WL 2480624 (C.D. Cal. June 10, 2013). In his Petition, Plaintiff argued that the sentencing Court lacked jurisdiction over him. Id. The District Court determined that Plaintiff failed to show that Section 2255 was inadequate or ineffective as a means to provide him relief. Id. The District Court, therefore, dismissed Petitioner's Section 2241 Petition. Id.

In 2013, Plaintiff filed his fourth Section 2241 Petition in the Eastern District of California. Harris v. Babcock, 2013 WL 3013477 (E.D. Cal. June 14, 2013). In his Petition, Plaintiff argued that "his judgment of conviction is invalid and should be set aside because the indictment charging him did not contain sufficient allegations of 'the exact geographical location where the criminal activity

. . . took place' and therefore was insufficient to properly invoke the court's jurisdiction." Id. The District Court noted that "a review of petitioner's underlying criminal case shows that the challenge he seeks to present to this court has already been litigated and addressed by both the Southern District of Indiana and the Seventh Circuit." Id. The District Court determined that Plaintiff could not collaterally attack his federal conviction by way of a Section 2241 Petition and dismissed his Petition. Id.

**6.      Southern District of West Virginia:**

On May 17, 2013, Plaintiff filed a Section 2241 Petition in the Southern District of West Virginia. (Civil Action No. 1:13-cv-11595.) In his Petition, Plaintiff argued that his incarceration was illegal because the sentencing Court lacked jurisdiction over the parcels of property at which the alleged criminal activity occurred. (Id., Document No. 1.) By Proposed Findings and Recommendation entered on October 29, 2013, United States Magistrate Judge Cheryl A. Eifert recommended the Petitioner's Petition be dismissed because he was challenging the validity of his conviction and sentence and failed to state any basis to find that a Section 2255 Motion was inadequate or ineffective. (Id., Document No. 14.) Plaintiff filed Objections. (Id., Document No. 15.) By Memorandum Opinion and Order filed on November 13, 2013, United States District Jude David A. Faber adopted Judge Eifert's recommendation and dismissed Petitioner's Petition. (Document Nos. 16 and 17.) Plaintiff filed a Notice of Appeal on November 21, 2013. (Id., Document No. 18.) On April 1, 2014, the Fourth Circuit Court of Appeals affirmed the judgment of the District Court. (Id., Document Nos. 22 and 23.)

On September 6, 2013, Plaintiff filed a "Motion for Leave to Make Deposit In Court Pursuant to 28 U.S.C. § 2041." (Civil Action No. 1:13-22649, Document No. 1.) In his Motion,

Plaintiff requests "leave to deposit the sum of $2,622.00 with the Court, which is double the aggregate amount claimed and owed, and that, following the deposit, Plaintiff be discharged from liability." (Id., p. 1.) Plaintiff explains that "this action involves an obligation imposed by Commitment of Judgment via criminal fine" and he "has admitted the validity of the obligation and that the sum of $1,311.00 is due and owing to the United States District Court." (Id.) Plaintiff states that Clerk of the Court "does not have the right to willfully refuse tender of payment." (Id., p. 2.) Plaintiff asserts that an obligation is extinguished by an Offer of Performance. (Id.) Therefore, Plaintiff states that he is attaching a "negotiable instrument, i.e., tender of payment" and he should be "released from liability on this agreed sum." (Id.) As Exhibits, Plaintiff attaches a copy of his "Offer of Performance," "Tender of Payment," and "Inmate Financial Plan." (Id., pp. 4 - 12.) This matter is currently pending before the Court.

On January 7, 2014, Plaintiff filed his "Action to Compel an Officer of the United States Pursuant to 28 U.S.C. § 1361 to Show Cause Why the Attachment or Arrest Should Not be Vacated."[1] (Civil Action No. 1:14-00584, Document No. 1.) Plaintiff alleged the he received a $4,000,000 fine or "attachment" as a result of his criminal conviction in the Southern District of Indiana. (Id.) Petitioner, therefore, argued that the criminal conviction constituted a debt. (Id.) Plaintiff claimed that his debt had been satisfied by a Promissory Note or "Bankable Paper" submitted to Mr. Holder. (Id.) Thus, Plaintiff argued that he was entitled to release from federal custody because the debt had been satisfied. (Id.) On April 30, 2014, Plaintiff filed a "Motion for Perpetual and Mandatory Injunction." (Id., Document No. 4.) On July 8, 2014, Plaintiff filed his

---

[1] Plaintiff's "Action to Compel an Officer of the United States Pursuant to 28 U.S.C. § 1361 to Show Cause Why the Attachment or Arrest Should Not be Vacated" as filed in Civil Action No. 1:14-00584 appears to be nearly identical to his Complaint filed in the instant case.

Petition for Leave to Amend and his Amended Petition. (Id., Document Nos. 4 and 5.) On July 22, 2014, Plaintiff filed a Motion for Judgment on the Pleadings. (Id., Document No. 7.) By Proposed Findings and Recommendation filed on August 21, 2014, the undersigned recommended that Plaintiff's Petitions for Writ of Mandamus, "Motion for Perpetual and Mandatory Injunction," and "Motion for Judgment on the Pleadings" be denied. (Id., Document No. 9.)

> **A.    Instant Action:**

On January 23, 2014, Plaintiff filed a Complaint against Eric Holder, the United States Attorney General, in the Circuit Court of McDowell County.[2] (Civil Action No. 1:14-11734, Document No. 1, pp. 5 - 33.) In his Complaint, Plaintiff challenges his incarceration based upon his conviction in the Southern District of Indiana.[3] (Id.) Specifically, Plaintiff states that a $4,000,000 fine was imposed and he has delivered to the United States a "Private Administrative Remedy" and Instrument No. 70131090000199520504 satisfying the debt. (Id.) Petitioner, therefore, contends that he is entitled to release from custody because he has satisfied his debt. (Id.)

As Exhibits, Plaintiff attaches the following: (1) A copy of Plaintiff's Affidavit (Id., pp. 10 - 11.); (2) A copy of Plaintiff's Interrogatories (Id., pp. 12 - 13.); (3) A copy of Petitioner's "Private Administrative Remedy" dated December 17, 2013 (Id., pp. 15 - 19.); (4) A copy of Petitioner's "Demand for Full and Final Release" (Id., pp. 20 - 24.); (5) A copy of Petitioner's "Bankable Paper, i.e., Note No. 70131090000199520504" (Id., pp. 25 - 28.).

---

[2]  Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[3]  Petitioner's Complaint filed in State Court appears to be nearly identical to his "Action to Compel an Officer of the United States Pursuant to 28 U.S.C. § 1361 to Show Cause Why the Attachment or Arrest Should Not be Vacated" as filed in Civil Action No. 1:14-00584.

On March 6, 2014, Defendant filed his Notice of Removal with this Court. (Id., Document No. 1.) On March 11, 2014, Defendant filed his Motion to Dismiss for Lack of Subject Matter Jurisdiction and Memorandum in Support. (Id., Document Nos. 3 and 4.) Specifically, Defendant argues that "because the United States has retained its sovereign immunity from suit in state court, the state court had no jurisdiction over Defendant Holder in his official capacity when the Complaint was filed and the district court acquired none upon removal." (Id., Document No. 4, p. 2.)

Also on March 11, 2014, Plaintiff filed a "Motion for Injunction Against Removal" and Motion to Remand Case Back to Circuit Court." (Id., Document Nos. 5 and 6.) Specifically, Plaintiff argues that "Defendant does not have the right to remove Plaintiff's suit in admiralty to any federal tribunal or usurp authority over the state of West Virginia's right." (Id..) Plaintiff claims that he will be prejudiced by the removal and requests that the case be remanded back to the Circuit Court of McDowell County. (Id.)

On March 12, 2014, Defendant filed his "Combined Response" to Plaintiff's Motion for Injunction and Motion to Remand. (Id., Document No. 9.) Specifically, Defendant argues that Plaintiff's above Motions should be dismissed because the "state court lacked jurisdiction over defendant and the federal court acquired none on removal, all as discussed in Defendant's Motion to Dismiss." (Id.)

Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on March 12, 2014, advising Plaintiff of his right to file a response to Defendant's Motion to Dismiss. (Id., Document No. 7.) On March 14, 2014, Plaintiff filed his Response in Opposition. (Id., Document No. 11.) Plaintiff argues that "under the common law Savings to Suitors Clause of the Judiciary Act the Circuit Court of McDowell County acquired subject matter jurisdiction over this

admiralty suit which involved the Defendant's use of Plaintiff's 'Bankable Paper,' i.e., Commercial Paper." (Id.) Citing the "Clearfield Trust Doctrine," Plaintiff argues that "in suits where commercial paper is involved, the United States becomes a corporation and takes on the characteristics of a mere private citizen." (Id.) Plaintiff, therefore, argues that the Defendant's Motion to Dismiss should be denied. (Id.)

On March 17, 2014, Plaintiff filed his Reply to Defendant's "Combined Response." (Document No. 14.) Plaintiff continues to argue that the State Court had jurisdiction pursuant to the Clearfield Trust Doctrine. (Id.) On March 18, 2014, Plaintiff filed his Addendum to his Response to Defendant's Motion to Dismiss. (Id., Document No. 19.) Plaintiff argues that the Uniform Commercial Code is State law and "all monetary systems to include, but not limited to, bankable paper, are governed by the Uniform Commercial Code per the Federal Tax Lien Act." (Id.) Plaintiff states that "by use of Penal Bonds or other personal property, i.e., Bankable Paper, then the Government waives its sovereign immunity upon its acceptance and use of commercial paper and subjects itself to the State law, i.e., UCC., as a corporation with the characteristics of a mere private citizen in suits in admiralty." (Id.)

On March 20, 2014, Plaintiff filed his Motion for Default Judgment. (Id., Document No. 20.) Plaintiff argues that Defendant was in default on February 12, 2014, fourteen days from the day Defendant was served. (Id.) On March 24, 2014, Defendant filed his Response to Plaintiff's Motion for Default Judgment. (Id., Document No. 21.) Defendant argues that "Plaintiff has not properly perfected service on defendant and derivative jurisdiction deprives this court of jurisdiction in any event." (Id.) On March 25, 2014, Plaintiff filed a Motion to Amend the Complaint. (Document No. 22.)

On April 3, 2014, Plaintiff filed his Motion to Supplement his Response to Defendant's Motion to Dismiss. (Id., Document No. 27.) In his Response, Plaintiff continues to argue that the "State court derived subject matter jurisdiction under common law through the Savings and Suitors Clause of the Section of the Judiciary Act." Also on April 3, 2014, Plaintiff filed his Reply to Defendant's Response to Motion for Default Judgment. (Document No. 28.) Plaintiff continues to argue that he is entitled to default judgment because Defendant was properly served. (Id.)

On April 9, 2014, Plaintiff filed a Motion for a Mandatory Injunction. (Id., Document No. 29.) Specifically, Plaintiff requests that the Court order Defendant to release him from "federal custody on behalf of the United States for whom the Plaintiff is being detained." (Id.) Plaintiff continues to argued that he is entitled to release because Defendant received "Bankable Paper" as payment for his $4,000,000 fine. (Id.) On May 29, 2014, Plaintiff filed a Motion for Judgment on the Pleadings. (Id., Document No. 39.) On June 5, 2014, Defendant filed his Response to Plaintiff's Motion for Judgment on the Pleadings. (Id., Document No. 41.) Specifically, Defendant argues that the "court should deny the motion on grounds set forth in the Motion to Dismiss." (Id.)

On June 19, 2014, Plaintiff filed an Emergency Rule 65 Motion for Preliminary Injunction. (Id., Document No. 41.) Specifically, Plaintiff requests that the Court enter a "preliminary injunction ordering the U.S. Marshal not to transport, or otherwise transfer, Plaintiff from current location while attachment, execution, and custody are in contest." (Id.) In support of his request, Plaintiff continues to argue that he should be released from custody because his criminal conviction constitutes a debt and this debt has been satisfied with "Bankable Paper." (Id.) Defendant filed his Response in Opposition on June 27, 2014. (Id., Document No. 42.) Specifically, Defendant argues that "the court should deny the motion on grounds set forth in the Motion to Dismiss." (Id.)

14

On July 3, 2014, Plaintiff filed a Petition for Judgment as a Matter of Law. (Id., Document No. 44.) Reasserting the same arguments as set forth above, Plaintiff contends that he is entitled to a mandatory injunction and summary judgment. (Id.) On July 22, 2014, Plaintiff filed a Motion for Judgment on the Pleadings of Special Matters. (Id., Document No. 49.) Plaintiff argues that Defendant has the burden of showing why his seizure upon the arrest or attachment should not be vacated. (Id.) On July 29, 2014, Plaintiff filed a Motion for Injunction Ordering the Federal Bureau of Prisons to Release Plaintiff from Illegal Custody. (Id., Document No. 51.)

## THE STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(quoting Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959. Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

Federal Courts are Courts of limited jurisdiction that are empowered to consider cases

authorized by Article III of the United States Constitution and statutes enacted by Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). A motion to dismiss filed pursuant to Rule 12(b)(1) raises the question of the federal court's subject matter jurisdiction. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Once subject matter jurisdiction is challenged, plaintiff bears the "burden of proving that subject matter jurisdiction exists." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). Subject matter jurisdiction cannot be waived by the Court or the parties. The absence of subject-matter jurisdiction may be raised at any time. Lovern v. Edwards, 190 F.3d 648 (4th Cir. 1999). When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a District Court may refer to evidence outside the pleadings without converting the proceeding to one for summary judgment. See William v. United States, 50 F.3d 299 (4th Cir. 1995).

## DISCUSSION

**1.      Motion to Amend:**

In his Motion to Amend the Complaint, Plaintiff states the he wishes to amend his Complaint to included the following allegations and claims. (Document No. 22.) Plaintiff states that he was the "Defendant in the originating Criminal Case No. 1:98-cr-00121-03" and he is "the Judgment Debtor/Obligor." (Id., pp. 1 and 2.) Plaintiff contends that Eric Holder, the United States Attorney General, is the Obligee that "is legally responsible for authorizing the release of the warrant if all costs and charges of the court and its officers shall have fist been paid." (Id., p. 2.) Plaintiff explains that he received a $4,000,000 fine or "attachment." (Id.) Plaintiff alleges that "[o]n December 18, 2013, the Judgment Debtor/Obligor delivered to the Obligee his Private Administrative Remedy re: Conditional Acceptance - Request for Affirmative Proof As to the Status of the $4,000,000

16

Attachment Warrant; Discharge and Other Maters in re Case No. 1:98-cr-00121-003 dated December 17, 2013." (Id.) Plaintiff states that he "attached to Obligor's Private Administrative Remedy referenced above attached herewith made a part hereof as Exhibit C was Instruction No. 70131090000199520504 which operated as payment, i.e. money in hand, assets, cash, money available for payment of private or public debt authorized by Congress." (Id.) Plaintiff argues that the Defendant "failed to reject or object to Plaintiff's payment, therefore, presumption is made that Defendant has accepted Plaintiff's payment in satisfaction of its attachment or arrest." (Id., p. 3.) Plaintiff argues that the "U.S. Attorney General, d.b.a. Obligee, failed or refused to discharge the Judgment Debtor . . . to the extent of the payment or delivery of bankable paper, i.e., Instrument No. 70131090000199520504 as payment." (Id., p. 4.)

Rule 15(a)(1) of the Federal Rules of Civil Procedure provides that a party may amend his or her pleadings "once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[A] motion to amend should be denied only where it would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Marfork Coal Co. v. Smith, 2011 WL 744727 (S.D.W.Va. Feb. 23, 2011)(J. Berger)(citations omitted).

Based on a review of the record, the Court finds Plaintiff's Motion to Amend should be denied as the amendment would be futile. A review of Plaintiff's Amended Complaint fails to reveal

that Plaintiff is asserting any new allegations or arguments. In his Amended Complaint, Plaintiff continues to assert the same frivolous claim that has been asserting in prior cases and that is asserted in his original Complaint. Accordingly, the undersigned recommends that Plaintiff's Motion to Amend (Document No. 22.) be denied.

## 2.    Default Judgment:

On March 20, 2014, Plaintiff filed his Motion for Default Judgment. (Id., Document No. 20.) Plaintiff argues that Defendant was in default on February 12, 2014, fourteen days from the day Defendant was served.[4] (Id.) Plaintiff contends that the Summons and Complaint were delivered *via* Certified Mail on January 29, 2014. (Id.) On March 24, 2014, Defendant filed his Response to Plaintiff's Motion for Default Judgment. (Id., Document No. 21.) Defendant argues that "Plaintiff has not properly perfected service on defendant and derivative jurisdiction deprives this court of jurisdiction in any event." (Id.)

Rule 55(a) of the Federal Rules of Civil Procedure permits the entry of default judgment "[w]hen a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules . . .." A plaintiff must produce *prima facie* evidence that service was proper. J & J Sports Productions, Inc. v. Santillan, 2012 WL 2861378, at * 4 (M.D.N.C. July 11, 2012). "A return of service generally serves as *prima facie* evidence that service was validly performed." Blair v. City of Worcester, 522 F.3d 105, 111 (1st Cir. 2008). If a plaintiff produces

---

[4]  To the extent Plaintiff is arguing that Defendant had only 14 days to file his Notice of Removal, Plaintiff's argument is without merit. Title 28 U.S.C. § 1446(b)(1) provides that "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

*prima facie* evidence, the burden shift to the defendant to provide evidence of insufficient process. Hollander v. Wolf, 2009 WL 3336012, at * 3 (S.D.Fla. Oct. 14, 2009). The undersigned finds that Plaintiff has failed to produce *prima facie* evidence that he properly served Defendant. Plaintiff's mere conclusory statement that he properly served Defendant on January 29, 2014, is insufficient. Accordingly, the undersigned recommends that Plaintiff's Motion for Default (Document No. 20.) be denied.

**3.      Motion to Remand to State Court:**

In his "Motion for Injunction Against Removal" and Motion to Remand Case Back to Circuit Court," Plaintiff argues that "Defendant does not have the right to remove Plaintiff's suit in admiralty to any federal tribunal or usurp authority over the state of West Virginia's right." (Civil Action No. 1:14-11734, Document Nos. 5 and 6.) Plaintiff claims that he will be prejudiced by the removal and requests that the case be remanded back to the Circuit Court of McDowell County. (Id.)

Defendant filed his "Combined Response" to Plaintiff's Motion for Injunction and Motion to Remand, arguing that Plaintiff's above Motions should be dismissed because the "state court lacked jurisdiction over defendant and the federal court acquired none on removal, all as discussed in Defendant's Motion to Dismiss." (Id., Document No. 9.)

Title 28 U.S.C. § 1442(a)(1) permits a federal officer to remove a civil action from State Court if the officer is "sued in an official or individual capacity for any act under color of such office." Specifically, Section 1442(a) provides as follows:

> A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: (1) The United States or any agency thereof or any officer . . . of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or

authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1). In the instant action, Plaintiff is suing Defendant in his official or individual capacity for allegedly engaging in improper conduct while acting as the United States Attorney General. The undersigned, therefore, finds that the instant action was properly removed pursuant to 28 U.S.C. § 1442(a)(1). Accordingly, the undersigned recommends that Plaintiff's Motion for Injunction Against Defendant's Removal Action (Document No. 5.) and Motion to Remand Case Back to Circuit Court (Document No. 6.) be denied.

**4.      Motion to Dismiss for Lack of Subject Matter Jurisdiction:**

In his Motion to Dismiss for Lack of Subject Matter Jurisdiction, Defendant argues that "because the United States has retained its sovereign immunity from suit in state court, the state court had no jurisdiction over Defendant Holder in his official capacity when the Complaint was filed and the district court acquired none upon removal." (Id., Document Nos. 3 and 4.)

In his Response in Opposition, Plaintiff argues that "under the common law Savings to Suitors Clause of the Judiciary Act the Circuit Court of McDowell County acquired subject matter jurisdiction over this admiralty suit which involved the Defendant's use of Plaintiff's 'Bankable Paper,' i.e., Commercial Paper." (Id., Document No. 11.) Citing the "Clearfield Trust Doctrine," Plaintiff argues that "in suits where commercial paper is involved, the United States becomes a corporation and takes on the characteristics of a mere private citizen."[5] (Id.) Plaintiff, therefore,

---

[5] Plaintiff's reliance upon the Clearfield Trust doctrine is misplaced. In *Clearfield Trust*, the United States Supreme Court held that federal law governs questions involving the rights of the United States arising under nationwide federal programs. *Clearfield Trust Co. v. United States*, 318 U.S. 363, 63 S.Ct. 573, 87 L.Ed. 838 (1943). Specifically, the Supreme Court stated as follows:

When the United States disburses its funds or pays its debts, it is exercising a

argues that the Defendant's Motion to Dismiss should be denied. (Id.) In his Supplemental Response, Plaintiff continues to argue that the "State court derived subject matter jurisdiction under common law through the Savings and Suitors Clause of the Section of the Judiciary Act." (Id., Document No. 27.)

As stated above, the instant action was properly removed pursuant to 28 U.S.C. § 1442(a)(1). The doctrine of derivative jurisdiction applies when a case is removed pursuant to Section 1442. Palmer v. City National Bank of West Virginia, 498 F.3d 236 (4th Cir. 2007). Derivative jurisdiction requires that the Federal Court's jurisdiction mirror the jurisdiction of the State Court prior to removal. Id. If the State Court lacks subject matter jurisdiction, the Federal court does not acquire jurisdiction upon removal. Smith v. Cromer, 159 F.3d 875, 879 (4th Cir. 1998). Specifically, the Fourth Circuit has explained that "where the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though in a like suit originally brought in federal court, the court would have had jurisdiction." Id. The Federal Tort Claims Act vests exclusive jurisdiction for tort claims against the United States in Federal District Courts. 28 U.S.C. § 1346 (2000). Although Plaintiff states that he is suing Defendant in his individual and official capacity, Defendant is an employee of the United States, and Plaintiff is clearly attempting to assert a tort claim against Defendant pursuant to the FTCA. See Jackson v. Harper, 2006 WL

_____

        constitutional function or power . . . The authority [to do so] had its origin in the Constitution and the statutes of the United States and was in no way dependent on the law [of any State]. The duties imposed upon the United States and the rights acquired by it . . . find their roots in the same federal sources. In absence of an applicable Act of Congress it is for the federal courts to fashion the governing rule of law according to their own standards.

*Id.*, 318 U.S. 366-67, 63 S.Ct. at 575.

2345862 (S.D.W.Va. Aug. 9, 2006). Thus, the Circuit Court of McDowell County did not have jurisdiction over Plaintiff's claim as asserted against Defendant in the instant case. Accordingly, this Court lacks subject matter jurisdiction because there was no basis for jurisdiction in the State Court.

Based on the foregoing, the undersigned therefore recommends that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Document No. 3.) be granted and Plaintiff's Motion for Mandatory Injunction (Document No. 29.), Motion for Judgment on the Pleadings (Document No. 39.), Emergency Rule 65 Motion for Preliminary Injunction (Document No. 41.), Petition for Judgment as a Matter of Law (Document No. 44.), Motion for Judgment on the Pleadings of Special Matters (Document No. 49.), and Motion for Injunction Ordering the Federal Bureau of Prisons to Release Plaintiff from Illegal Custody (Document No. 51.) be denied.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **GRANT** Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Document No. 3.), **DENY** Plaintiff's Motion for Injunction Against Defendant's Removal Action (Document No. 5.), **DENY** Plaintiff's Motion to Remand Case Back to Circuit Court (Document No. 6.), **DENY** Plaintiff's Motion for Default Judgment (Document No. 20.), **DENY** Plaintiff's Motion to Amend the Complaint (Document No. 22.), **DENY** Plaintiff's Motion for Mandatory Injunction (Document No. 29.), **DENY** Plaintiff's Motion for Judgment on the Pleadings (Document No. 39.), **DENY** Plaintiff's Emergency Rule 65 Motion for Preliminary Injunction (Document No. 41.), **DENY** Plaintiff's Petition for Judgment as a Matter of Law (Document No. 44.), **DENY** Plaintiff's Motion for Judgment on the Pleadings of Special Matters

(Document No. 49.), **DENY** Plaintiff's Motion for Injunction Ordering the Federal Bureau of Prisons to Release Plaintiff from Illegal Custody (Document No. 51.), and **REMOVE** this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: August 26, 2014.

R. Clarke VanDervort
United States Magistrate Judge