```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                          AT BLUEFIELD
```

CHRISTOPHER L. HARRIS,

    Plaintiff,

v.                                              Civil Action No: 1:14-11734

ERIC HOLDER,
United States Attorney General

    Defendant.


**MEMORANDUM OPINION AND ORDER**

    Before this court are Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, (Doc. No. 3), as well a number of related motions filed by plaintiff.  By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings and recommendations regarding disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge VanDervort submitted to the court his Proposed Findings and Recommendation on August 26, 2014, in which he recommended that the district court grant defendant's motion, deny Plaintiff's Motion for Injunction Against Defendant's Removal Action, (Doc. No. 5), deny Plaintiff's Motion to Remand Case Back to Circuit Court, (Doc. No. 6), deny Plaintiff's Motion for Default Judgment, (Doc. No. 20), deny Plaintiff's Motion to Amend the Complaint, (Doc. No. 22), deny Plaintiff's Motion for Mandatory Injunction, (Doc. No.

29), deny Plaintiff's Motion for Judgment on the Pleadings, (Doc. No. 39), deny Plaintiff's Emergency Rule 65 Motion for Preliminary Injunction, (Doc. No. 41), deny Plaintiff's Petition for Judgment as a Matter of Law, (Doc. No. 44), deny Plaintiff's Motion for Judgment on the Pleadings of Special Matters, (Doc. No. 49), deny Plaintiff's Motion for Injunction Ordering the Federal Bureau of Prisons to Release Plaintiff from Illegal Custody, (Doc. No. 51), and dismiss this matter from the court's docket. (Doc. No. 58).

In accordance with the provisions of 28 U.S.C. § 636(b), plaintiff was allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendation. On September 2, 2014, plaintiff timely filed objections to the PF&R. For the reasons that follow, the court OVERRULES plaintiff's objections to the PF&R, adopts the factual and legal analysis in the PF&R, and GRANTS defendant's motion to dismiss.

I.  **Background**

In 1999, plaintiff was convicted in the Southern District of Indiana for violations of 21 U.S.C. §§ 841 and 846 and is currently serving a sentence of 300 months imprisonment. (Doc. No. 58 at 2). Plaintiff is a notoriously prolific filer, and, rather than documenting his lengthy litigation history, the

court relies upon Magistrate Judge VanDervort's thorough account in the PF&R.

In the instant action, plaintiff filed suit in the Circuit Court for McDowell County, West Virginia, challenging his criminal conviction and seeking equitable relief. (Doc. No. 1 at 1). On March 6, 2014, defendant removed the case to this court. Id. On March 11, 2014, defendant moved the court to dismiss the action, asserting a lack of subject matter jurisdiction. (Doc. No. 3 at 1). Defendant argued that the state court could not exercise subject matter jurisdiction over Defendant Holder in his official capacity when plaintiff filed his complaint and this court did not acquire subject matter jurisdiction upon removal. (Doc. No. 4 at 2). Further, defendant argued that the United States did not waive its sovereign immunity from suit and plaintiff has not alleged a waiver of that immunity. (Doc. No. 4 at 1). As a result, defendant argued that this court does not have subject matter jurisdiction over plaintiff's suit, and, therefore, the court should dismiss the case. (Doc. No. 4 at 2). Plaintiff filed a host of motions challenging removal and opposing defendant's motion to dismiss. (Doc. Nos. 5, 6, 20, 22, 29, 39, 41, 44, 49, 51).

## II. Plaintiff's Objections to the PF&R

Plaintiff's objections do not relate to the analysis or conclusions contained in the PF&R, but instead reiterate the arguments made in his complaint. These objections "do not direct the court to a specific error in the magistrate's proposed findings and recommendations" because they are "general and conclusory." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). As a result, a court need not conduct a de novo review of such objections. Id.

However, after review of the PF&R, the record, and plaintiff's objections, the court determines that plaintiff's arguments are wholly without merit. In his first objection, plaintiff seems to argue that, if he pays his criminal fine of $4,000,000.00, he will have satisfied his criminal conviction and will no longer be subject to incarceration. No legal support exists for plaintiff's convoluted argument. Plaintiff pled guilty to violations of federal law and received a term of 300 months imprisonment and a fine. The terms of plaintiff's sentence mandate that he satisfy both, rather than just one. Accordingly, the court overrules this objection.

Additionally, plaintiff objects to the applicable law of his case, attempting to invoke admiralty jurisdiction and asserting that the Uniform Commercial Code requires the court to accept a promissory note in exchange for his release from

4

imprisonment.  Again, these objections lack merit.  Plaintiff's case is not one of admiralty jurisdiction, nor does the Uniform Commercial Code apply to his case.  Plaintiff pled guilty and was convicted of violations of criminal law.  Neither these violations nor the associated fine have anything to do with commercial or admiralty law.  The court notes that plaintiff has tried these arguments before, a number of times, and has never been successful.  See Harris v. United States, No. 09-154C, 2009 WL 2700207 (Fed. Cl. Aug. 26, 2009); Harris v. Anderson, Civil Action No. 10-3227-CV-S-RED-H, 2010 WL 4531408 (W.D. Mo. Oct. 14, 2010); Harris v. Wands, Civil Action No. 10-cv-02735-BNB, 2010 WL 5339604 (D. Colo. Dec. 10, 2010); Harris v. Holder, Civil Action No. 1:14-0584, 2014 WL 4388263 (S.D.W. Va. Sept. 3, 2014).

Plaintiff makes a number of arguments related to motions pending before other courts, specifically, motions pending in United States District Court for the Southern District of Indiana.  (Doc. No. 61 at 2-3).  As these arguments neither relate to the PF&R nor the instant action, the court must overrule these objections.

### III. **Plaintiff's Motion for Application and Interpretation of a Federal Statute**

After filing his objections to the PF&R, plaintiff also filed a Motion for Application and Interpretation of a Federal

5

Statute. (Doc. No. 66). In this motion, plaintiff asks the court to interpret 28 U.S.C. § 2717 and apply it to his case. Plaintiff's argument repeats the same claims he made in his objections, namely, that the Uniform Commercial Code allows him to pay his criminal fine by remitting a promissory note. Plaintiff argues that the United States has failed to notify him of its intent to dishonor his promissory note, and, as a result, he should be released from incarceration.

As described above, this argument is meritless. The Uniform Commercial Code does not govern payment of plaintiff's criminal fine and he cannot remit a promissory note to attain release from incarceration. Further, 28 U.S.C. § 2717 offers no support for plaintiff's arguments, as it concerns discharge of attachments in postal suits. Accordingly, the court denies plaintiff's motion.

### IV. Plaintiff's Motion for Judgment as a Matter of Law

Plaintiff also filed a Motion for Judgment as a Matter of Law after filing his objections to the PF&R. (Doc. No. 67). In his motion, plaintiff asks the court to order the government to remit the penalty fine or enter a satisfaction of debt on the record. (Doc. No. 67 at 1). Again, plaintiff repeats his argument that the Uniform Commercial Code governs the payment of his criminal fine, and, since he has offered a promissory note

6

to the United States to pay his fine, he should be released from incarceration.

As described above, the Uniform Commercial Code does not apply to payment of plaintiff's criminal fine. The United States has no duty to accept plaintiff's promissory note. Therefore, plaintiff's motion must be denied.

### V.  Certificate of Appealability

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly the court DENIES a certificate of appealability.

### VI. Conclusion

The United States retained its sovereign immunity from suit in state court and the state court did not have jurisdiction over Defendant Holder. This court did not acquire subject

matter jurisdiction upon defendant's removal.  Accordingly, the court OVERRULES plaintiff's objections to Magistrate Judge VanDervort's PF&R.  The court adopts the factual and legal analysis contained within the PF&R; GRANTS Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, (Doc. No. 3), DENIES Plaintiff's Motion for Injunction Against Defendant's Removal Action, (Doc. No. 5), DENIES Plaintiff's Motion to Remand Case Back to Circuit Court, (Doc. No. 6), DENIES Plaintiff's Motion for Default Judgment, (Doc. No. 20), DENIES Plaintiff's Motion to Amend the Complaint, (Doc. No. 22), DENIES Plaintiff's Motion for Mandatory Injunction, (Doc. No. 29), DENIES Plaintiff's Motion for Judgment on the Pleadings, (Doc. No. 39), DENIES Plaintiff's Emergency Rule 65 Motion for Preliminary Injunction, (Doc. No. 41), DENIES Plaintiff's Petition for Judgment as a Matter of Law, (Doc. No. 44), DENIES Plaintiff's Motion for Judgment on the Pleadings of Special Matters, (Doc. No. 49), DENIES Plaintiff's Motion for Injunction Ordering the Federal Bureau of Prisons to Release Plaintiff from Illegal Custody, (Doc. No. 51), DENIES Plaintiff's Motion for Application and Interpretation of a Federal Statute, (Doc. No. 66), DENIES Plaintiff's Motion for Judgment on the Pleadings, (Doc. No. 67), and DISMISSES this matter from the court's docket.  Further, the court DENIES a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se and counsel of record.

It is SO ORDERED this 7th day of October, 2014.

ENTER:

*David A. Faber*

David A. Faber
Senior United States District Judge